Y. R. DENNY, EXECUTOR, ESTATE OF JOSIAH C. WOLCOTT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8429. Promulgated February 17, 1928.

*John B. Gage, Esq.,* for the petitioner.
*L. A. Luce, Esq.,* for the respondent.

LANSDON: The respondent has determined deficiencies in income tax for the years 1919 and 1920, in the respective amounts of $359.66 and $298.80. It is agreed by the parties that such deficiencies result from the respondent's recomputation of the depletion of certain oil and gas properties which the petitioner, in his income-tax returns for the taxable years, deducted from his gross income for each of such years. The petitioner accepts the adjustments of depletion made by the respondent and, in his petition, alleges that the income of his decedent was overstated in the original income-tax returns filed for each of the years.

In his income-tax return for each of the taxable years the decedent included all the oil royalties resulting from the operation of certain oil properties and paid the Federal income tax on the amounts so reported. The petitioner now contends that the returns for each of such years were erroneous and that, in fact, only 75 per cent of such royalties were the income of the decedent, and that 25 per cent thereof was the income of one Howard F. Lea, who is alleged to have been the owner of a one-fourth interest in the royalty rights from which the income was realized. From the statement of the issue now raised by the petitioner it is obvious that it must be proved that the decedent divested himself of one-fourth of his royalty rights in the properties involved and did so in such manner that he parted with his present interest in the property and his right to receive income thereafter to the extent alleged.

The record contains no evidence upon which we can base findings of fact sufficient to sustain the petitioner's contention. It is not even proved that the royalty rights in question were the property of the decedent until some time after the close of the last taxable year. The land from which most of the income was produced was acquired

on December 8, 1916, in the name of a stranger to the proceedings. Such stranger deeded it to Howard F. Lea, Trustee, on December 21, 1916, who in turn deeded it to the decedent on November 14, 1921. It appears, therefore, from evidence of record, that the decedent had no legal title to such property during the taxable years.

It is the theory of the petitioner that Lea was a trustee for the decedent, who is alleged to have furnished all the funds for the transaction. For all we know this may be true, but, if true, and the only evidence in its support is the testimony of a stranger to the transaction, it does not sustain the allegation that the decedent owned only a three-fourths interest, and that the remainder was the property of Lea. The petitioner asserts that the decedent and Lea entered into certain trust agreements defining the rights and interests of each in the property, and that, on November 14, 1921, the decedent purchased the rights and interests of Lea and paid therefor the amount of $50,000.

It may well be that all these allegations are true, but they are in no way supported by the record of this proceeding. The alleged trust instruments are not in evidence, and it is claimed that they have been destroyed. Neither party thereto testified at the hearing. Without any examination of the terms of such instruments it is obviously impossible for us to determine whether, under the laws of Kansas, they worked a legal transfer of existing royalty interests and the right to receive income from the decedent to Lea. One of the parties is dead; but it would seem that the other, Lea, if any one, would be competent to testify to the terms of the trust instruments. He was not called as a witness.

The petitioner introduced a settlement agreement, entered into on November 14, 1921, by and between the decedent and Lea. In this agreement the parties release each other from all mutual obligations, but the considerations are not set out either as to amounts or purposes. In our opinion neither the settlement agreement, nor any other evidence adduced by the petitioner, is proof that the decedent and Lea were joint owners of the royalty rights in question in the proportions of 75 per cent and 25 per cent during the taxable years.

*Judgment will be entered for the respondent.*